JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Andrew Zaborowski

**DEFENDANTS**
Commonwealth of Pennsylvania State Police
Colonel Christopher L. Paris

(b) County of Residence of First Listed Plaintiff: **Philadlephia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Dauphin**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of William J. Fox, P.C. - (215) 546-2477
100 N. 20th Street, Suite 303, Phila., PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | [x] 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the 1964 Civil Rights Act, et seq.
Brief description of cause:
Employment discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

**DATE:** October 13, 2025
**SIGNATURE OF ATTORNEY OF RECORD:** *WJ Fox* (signature)

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

10/2024

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM

Place of Accident, Incident, or Transaction: __Philadelphia, PA_____

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☑ is not related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☒ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ does / ☑ does not have implications beyond the parties before the court and ☐ does / ☑ does not seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Andrew Zaborowski | : | CIVIL ACTION |
| v. | : | |
| Commonwealth of Pennsylvania State Police and Colonel Christopher L. Paris | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| October 13, 2025 | William J. Fox, Esquire | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 546-2477 | | wjf@billfoxlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW ZABOROWSKI<br>9558 James Street<br>Philadelphia, PA 19114 | :<br>:<br>: |
| Plaintiff | : |
| v. | : |
| COMMONWEALTH OF PENNSYLVANIA,<br>PENNSYLVANIA STATE POLICE<br>1800 Elmerton Ave<br>Harrisburg PA 17110, and | :<br>:<br>: |
| COLONEL CHRISTOPHER L. PARIS<br>1800 Elmerton Ave<br>Harrisburg PA 17110 | :<br>:<br>: |
| Defendant | : |

## COMPLAINT

1. This Court has jurisdiction over this matter under Title VII of the 1964 Civil Rights Act, et seq., and 42 U.S.C. § 1981 giving rise to Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and Civil Rights Jurisdiction pursuant to 28 U.S.C. § 1347.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims made herein pursuant to 28 U.S.C. § 1367, as the claim is so related to claims in the action within such original jurisdiction of this Court that they form part of the same case or controversy.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the parties reside in this district, regularly conduct business in this district and the incidents in controversy occurred in this district.

1

## PARTIES

4. Plaintiff, Andrew Zaborowski, is Caucasian and his color is white. Plaintiff resides at the above-captioned address.

5. Defendant, Commonwealth of Pennsylvania State Police (hereinafter referred to as "PSP"), is an agency that provides police protection to the Citizens of Pennsylvania and employs more than 1000 employees. At all times relevant, PSP was the employer of Plaintiff.

6. Defendant, Colonel Christopher L. Paris, is an officer and employee of the PSP, was in Plaintiff's chain of command and made decisions that effected the terms and conditions of Plaintiff's employment.

## FACTS

7. Defendant PSP maintains barracks located at 2201 Belmont Avenue, Philadelphia, PA 19131.

8. Plaintiff was hired by the PSP in February of 2023 and entered the State Police Academy.

9. Plaintiff graduated from the Academy on August 25, 2023 with the rank of Trooper. From August of 2023 until May of 2024, Plaintiff was assigned to Troop K located in Philadelphia.

10. The PSP acknowledges in its job description (which is located on the Commonwealth's official website) and advertising that Troopers operate in situations that are "often stressful or dangerous."

11. On or about March 2, 2024, Plaintiff was working independently when he made a lawful traffic stop on Interstate 76 in Philadelphia. The vehicle subject to the traffic stop pulled over onto the shoulder of I-76 and was being operated by Celena Morrison-McLean

12. Plaintiff parked his patrol vehicle behind the car operated by Morrison-McLean. The location of the traffic stop was loud and made it difficult for Plaintiff to hear.

13. Shortly after Plaintiff parked his patrol vehicle, another vehicle unexpectedly pulled up behind Plaintiff's patrol car and parked closely behind Plaintiff's patrol car. This vehicle was operated by Darius McLean.

14. The occupants of each vehicle refused to obey verbal commands and were aggressive and threatening - - which required Plaintiff to struggle with each and place both under arrest.

15. At all times relevant, Plaintiff was presented with circumstances that were stressful and dangerous.

16. At all times relevant, Plaintiff performed his duties in accordance with his training and the relevant procedures and policies.

17. Both of the occupants of the two vehicles were African-American. At the time of their arrest, and thereafter, the occupants falsely accused Plaintiff of racial profiling and of assault and battery.

18. Plaintiff's actions regarding the traffic stop did not have anything to do with the occupants' race.

19. Approximately two months after the aforesaid traffic stop, on May 10, 2024, without any hearing or notice, Defendant PSP and Defendant Paris discharged Plaintiff from his employment.

20. At all times relevant, Plaintiff performed his duties as a Trooper at or above expectations.

21. Any reasons cited by Defendants for discharging Plaintiff are false and constitute a pretext.

22. During Plaintiff's employment with Defendant PSP, Defendants have provided preferential treatment to Plaintiff's African-American and Black peers with regard to the terms and conditions of their employment.

23. The decision to terminate Plaintiff's employment was based on his race and color.

24. African-American and Black Troopers employed by the PSP have committed serious offenses and have not been disciplined and/or have not suffered the harsh discipline of termination.

25. Plaintiff's aforesaid African-American and Black coworkers have been treated with favoritism while he has been treated with unwarranted and unfair scrutiny and disciplined with termination.

26. Any reasons that Defendants offer to justify their decision to discharge Plaintiff are false, were falsely trumped up, and constitute a pretext.

27. The real reason Defendants discharged Plaintiff's employment is because of his race and color.

28. Defendants' aforesaid actions constitute discrimination and discriminatory discharge.

29. Defendants' aforesaid actions violate Title VII of the 1964 Civil Rights Act and the Pennsylvania Human Relations Act.

### Count I - Title VII

30. Plaintiff incorporates by reference paragraphs 1 through 29 of this Complaint as though same were fully set forth at length herein.

31. Plaintiff has exhausted his administrative remedies and received a right to sue letter from the EEOC.

32. Defendants have discriminated against Plaintiff because of his race and color in violation of 42 U.S.C. § 2000e *et seq.*

33. Defendants' aforesaid adverse actions, including discharge from employment, against Plaintiff regarding the terms and conditions of his employment, violated Title VII because it was based on Plaintiff's race and color.

34. Any non-discriminatory and/or non-retaliatory reasons offered by Defendants for their aforesaid actions are false, were falsely trumped-up and constitute a pretext.

35. Defendants' aforesaid discriminatory actions against Plaintiff constitute race and color discrimination in violation of 42 U.S.C. § 2000e *et seq.*

36. As a result of Defendant's aforesaid conduct, Plaintiff has suffered lost wages and benefits, humiliation, mental anguish, emotional distress, associated stress, pain and suffering and other injuries.

37. Plaintiff seeks all damages allowable under Title VII, including back pay, front pay, compensatory damages, punitive damages, counsel fees and costs of suit.

## COUNT II - State Law Claims

38. Plaintiff incorporates by reference paragraphs 1 through 37 of this Complaint as though same were fully set forth at length herein.

39. The conduct of Defendants as alleged in the foregoing claims for relief constitutes discrimination in violation of the Pennsylvania Human Relations Act and other State and Local laws and ordinances.

40. Defendants have at all times material to the foregoing claims acted willfully and with malice toward Plaintiff. Defendants knew, or reasonably should have known, that the aforementioned conduct was a violation of its handbook, policies and work rules and the laws of Pennsylvania and the United States. Defendants took no action to cease its wrongful conduct, and, in fact, committed further acts designed to cover the patent discrimination against Plaintiff because of his race and color, and because he had engaged in protected activity on multiple occasions.

## COUNT III - 42 U.S.C. § 1981 - Individual Defendant Paris

41. Plaintiff hereby incorporates by reference paragraphs 1 through 40 of this Complaint as though same were fully set forth at length herein.

42. As hereinbefore alleged, Plaintiff was subjected to discrimination under 42 U.S.C. § 1981 when he was discharged from his employment with the PSP.

43. At all times relevant, Defendant Paris was in Plaintiff's chain of command and had the ability to negatively effect Plaintiff's employment.

44. At all times relevant, Defendant Paris made the decisions to discharge Plaintiff from his employment and subject Plaintiff to discrimination based on his race and color with regard to the terms and conditions of his employment.

45. As a result of the individual Defendant Paris' aforesaid discrimination, Plaintiff has lost and continues to lose compensation and other damages as hereinbefore alleged.

## JURY DEMAND

Plaintiff demands a trial before twelve jurors.

**WHEREFORE**, Plaintiff, Andrew Zaborowski, respectfully requests that this honorable Court enter an order providing the following:

a. That Plaintiff recover from Defendants back pay with interest, front pay, compensatory damages, punitive damages against the individual Defendant and such other monetary relief the Court deems just;

b. That Plaintiff recover from Defendant his costs, including expert witness fees and reasonable attorneys' fees, together with such other remedies as may be provided by law; and

c. That the Court grant such other relief, including equitable and injunctive relief, as it deems just and proper.

_____
WILLIAM J. FOX, ESQUIRE
Law Offices of William J. Fox, P.C.
100 N. 20th Street, Suite 303
Philadelphia, PA 19103
(215) 546-2477
Attorney for Plaintiff

Date: October 13, 2025