IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW ZABOROWSKI | : | |
| Plaintiff | : | 25-CV-05888-JMY |
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA STATE POLICE and, | : | |
| | : | |
| COLONEL CHRISTOPHER L. PARIS | : | |
| Defendants | : | |

**FIRST AMENDED COMPLAINT**

1. This Court has jurisdiction over this matter under Title VII of the 1964 Civil Rights Act, et seq., 42 U.S.C. § 1981 and 42 U.S.C. § 1983, giving rise to Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and Civil Rights Jurisdiction pursuant to 28 U.S.C. § 1347.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims made herein pursuant to 28 U.S.C. § 1367, as the claim is so related to claims in the action within such original jurisdiction of this Court that they form part of the same case or controversy.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the parties reside in this district, regularly conduct business in this district and the incidents in controversy occurred in this district.

**PARTIES**

4. Plaintiff, Andrew Zaborowski, is Caucasian and his color is white. Plaintiff resides at the above-captioned address.

1

5. Defendant, Commonwealth of Pennsylvania State Police (hereinafter referred to as "PSP"), is an agency that provides police protection to the Citizens of Pennsylvania and employs more than 1000 employees. At all times relevant, PSP was the employer of Plaintiff.

6. Defendant, Colonel Christopher L. Paris, is an officer and employee of the PSP, was in Plaintiff's chain of command and made decisions that effected the terms and conditions of Plaintiff's employment.

**FACTS**

7. Defendant PSP  maintains barracks located at  2201 Belmont Avenue, Philadelphia, PA 19131.

8. Plaintiff was hired by the PSP in February of 2023 and entered the State Police Academy.

9. Plaintiff graduated from the Academy on August 25, 2023 with the rank of Trooper. From August of 2023 until May of 2024, Plaintiff was assigned to Troop K located in Philadelphia.

10. The PSP acknowledges in its job description (which is located on the Commonwealth's official website) and advertising that Troopers operate in situations that are "often stressful or dangerous."

11. On or about March 2, 2024, Plaintiff was working independently when he made a lawful traffic stop on Interstate 76 in Philadelphia.  The vehicle subject to the traffic stop pulled over onto the shoulder of I-76 and was being operated by Celena Morrison-McLean

12. Plaintiff parked his patrol vehicle behind the car operated by Morrison-McLean. The location of the traffic stop was loud and made it difficult for Plaintiff to hear.

2

13. Shortly after Plaintiff parked his patrol vehicle, another vehicle unexpectedly pulled up behind Plaintiff's patrol car and parked closely behind Plaintiff's patrol car.  This vehicle was operated by Darius McLean.

14.  The occupants of each vehicle refused to obey verbal commands and were aggressive and threatening - -  which required Plaintiff to struggle with each and place both under arrest.

15.  At all times relevant, Plaintiff was presented with circumstances that were stressful and dangerous.

16.  At all times relevant, Plaintiff performed his duties in accordance with his training and the relevant procedures and policies.

17.  Both of the occupants of the two vehicles were African-American.  At the time of their arrest, and thereafter, the occupants falsely accused Plaintiff of racial profiling and of assault and battery.

18.  Plaintiff's  actions regarding the traffic stop did not have anything to do with the occupants' race.

19.  Approximately two months after the aforesaid traffic stop, on May 10, 2024, without any hearing or notice, Defendant PSP and Defendant Paris discharged Plaintiff from his employment.

20.  At all times relevant, Plaintiff performed his duties as a Trooper at or above expectations.

21.  Any reasons cited by Defendants for discharging Plaintiff are false and constitute a pretext.

22. During Plaintiff's employment with Defendant PSP, Defendants have provided preferential treatment to Plaintiff's African-American and Black peers with regard to the terms and conditions of their employment.

23. Defendant Paris' decision to terminate Plaintiff's employment was based on his race and color.

24. Defendant PSP's decision to terminate Plaintiff's employment was based on his race and color.

25. African-American and Black Troopers employed by the PSP, including three Troopers from Troop K, have committed serious offenses and have not been disciplined and/or have not suffered the harsh discipline of termination.

26. Plaintiff's aforesaid African-American and Black coworkers have been treated with favoritism while he has been treated with unwarranted and unfair scrutiny and disciplined with termination.

27. Any reasons that Defendants offer to justify their decision to discharge Plaintiff are false, were falsely trumped up, and constitute a pretext.

28. The real reason Defendants discharged Plaintiff's employment is because of his race and color.

29. Defendants' aforesaid actions constitute discrimination and discriminatory discharge.

30. Defendants' aforesaid actions violate Title VII of the 1964 Civil Rights Act and the Pennsylvania Human Relations Act.

4

**Count I - Title VII v. Defendant PSP**

31.  Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as though same were fully set forth at length herein.

32.  Plaintiff has exhausted his administrative remedies and received a right to sue letter from the EEOC.

33.   Defendant PSP has discriminated against Plaintiff because of his race and color in violation of 42 U.S.C. § 2000e *et seq.*

34.  Defendant's aforesaid adverse actions, including discharge from employment, against Plaintiff regarding the terms and conditions of his employment violated Title VII because it was based on Plaintiff's race and color.

35.  Any non-discriminatory and/or non-retaliatory reasons offered by Defendant PSP for its aforesaid actions are false, were falsely trumped-up and constitute a pretext.

36.  Defendant PSP's aforesaid discriminatory actions against Plaintiff constitute race and color discrimination in violation of 42 U.S.C. § 2000e *et seq.*

37.  As a result of Defendant's aforesaid conduct, Plaintiff has suffered lost wages and benefits, humiliation, mental anguish, emotional distress, associated stress, pain and suffering and other injuries.

38.  Plaintiff seeks all damages allowable under Title VII, including back pay, front pay, compensatory damages, punitive damages, counsel fees and costs of suit.

**Count II - State Law Claims v. Defendant PSP**

39.  Plaintiff incorporates by reference paragraphs 1 through 38 of this Complaint as though same were fully set forth at length herein.

40. The conduct of Defendant PSP as alleged in the foregoing claims for relief constitutes discrimination in violation of the Pennsylvania Human Relations Act and other State and Local laws and ordinances.

41. Defendant PSP has at all times material to the foregoing claims acted willfully and with malice toward Plaintiff. Defendant PSP knew, or reasonably should have known, that the aforementioned conduct was a violation of its handbook, policies and work rules and the laws of Pennsylvania and the United States. Defendants took no action to cease its wrongful conduct, and, in fact, committed further acts designed to cover the patent discrimination against Plaintiff because of his race and color, and because he had engaged in protected activity on multiple occasions.

### Count III - 42 U.S.C. § 1981 v. Individual Defendant Colonel Paris

42. Plaintiff hereby incorporates by reference paragraphs 1 through 41 of this Complaint as though same were fully set forth at length herein.

43. As hereinbefore alleged, Plaintiff was subjected to discrimination under 42 U.S.C. § 1981 when he was discharged from his employment with the PSP.

44. At all times relevant, Defendant Paris was the individual who made the decision to discharge Plaintiff's employment with the PSP.

45. At all times relevant, Defendant Paris made the decisions to discharge Plaintiff from his employment and subject Plaintiff to discrimination based on his race and color with regard to the terms and conditions of his employment.

46. As a result of the individual Defendant Paris' aforesaid discrimination, Plaintiff has lost and continues to lose compensation and other damages as hereinbefore alleged.

6

## JURY DEMAND

Plaintiff demands a trial before twelve jurors.

**WHEREFORE**, Plaintiff, Andrew Zaborowski, respectfully requests that this honorable Court enter an order providing the following:

a.   That Plaintiff recover from Defendants back pay with interest, front pay, compensatory damages, punitive damages against the individual Defendant and such other monetary relief the Court deems just;

b.   That Plaintiff recover from Defendant his costs, including expert witness fees and reasonable attorneys' fees, together with such other remedies as may be provided by law;

c.   Punitive damages against Defendant Paris

d.   That the Court grant such other relief, including equitable and injunctive relief, as it deems just and proper.

　/s/ *William J. Fox*　　　　　　
WILLIAM J. FOX, ESQUIRE
Law Offices of William J. Fox, P.C.
100 N. 20th Street, Suite 303
Philadelphia, PA 19103
(215) 546-2477
Attorney for Plaintiff

Date: January 23, 2026

7