**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREW ZABOROWSKI, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 25-5888-JMY |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA STATE POLICE AND | : | |
| COLONEL CHRISTOPHER L. PARIS | : | |
| | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS PENNSYLVANIA STATE POLICE AND COLONEL CHRISTOPHER
L. PARIS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Pennsylvania State Police ("PSP") and Colonel Christopher L. Paris ("Colonel Paris") (together, "Answering Defendants") hereby provide their Answer to Plaintiff's First Amended Complaint (ECF No. 9) and affirmative defenses.

1.    This paragraph contains legal conclusions to which no response is required.

2.    This paragraph contains legal conclusions to which no response is required.

3.    This paragraph contains legal conclusions to which no response is required.

**PARTIES**

4.    Admitted, upon information and belief.

5.    Admitted.

6.    Admitted that Colonel Paris was an officer and employee of PSP during the dates relevant in the Admitted Complaint but denied that he still holds that position. To the extent the remainder of this paragraph consists of legal conclusions, no response is required.

1

**FACTS**

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Admitted, upon information and belief.

11.     Admitted only that on March 2, 2024, Plaintiff admitted conducted a traffic stop on Interstate 76 in Philadelphia on a car operated by driver Celena Morrison-McClean. To the extent the remainder of this paragraph consists of legal conclusions, no response is required.

12.     Admitted that Plaintiff parked his patrol vehicle behind the vehicle operated by Morrison-McClean. Defendants are without information sufficient to form a belief as to the truth of the remainder of this paragraph. To extent a response is required, denied.

13.     Admitted that the second vehicle was operated by Darius McClean. Defendants are without information sufficient to form a belief as to the truth of the remainder of this paragraph. To extent a response is required, denied.

14.     Defendants are without information sufficient to form a belief as to the truth of the remainder of this paragraph. To extent a response is required, denied. To the extent this paragraph consists of legal conclusions, no response is required.

15.     Defendants are without information sufficient to form a belief as to the truth of the remainder of this paragraph. To extent a response is required, denied.

16.     Denied.

17.      Admitted, upon information and belief that Celena Morrison-McClean and Darius McClean are African American. The remainder of this paragraph consists of legal conclusions to which no response is required.

2

18. Defendants are without information sufficient to form a belief as to the truth of the remainder of this paragraph. To extent a response is required, denied.

19. Admitted only that Plaintiff was terminated from his employment with PSP on May 10, 2024. The remainder of this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied

29. This paragraph consists of legal conclusions to which no response is required.

30. This paragraph consists of legal conclusions to which no response is required.

### Count I – Title VII v. Defendant PSP

31. Answering Defendants incorporate their responses to the previous paragraphs as if set forth fully herein.

32. This paragraph contains legal conclusions to which no response is required.

33. This paragraph contains legal conclusions to which no response is required.

34. This paragraph contains legal conclusions to which no response is required.

35. This paragraph contains legal conclusions to which no response is required.

36.    This paragraph contains legal conclusions to which no response is required.

37.    This paragraph contains legal conclusions to which no response is required.

38.    This paragraph contains legal conclusions to which no response is required.

## Count II – State Law Claims v. Defendant PSP

39.    Answering Defendants incorporate their responses to the previous paragraphs as if set forth fully herein.

40.    This paragraph contains legal conclusions to which no response is required.

41.    This paragraph contains legal conclusions to which no response is required.

## Count III – 42 U.S.C. § 1981 v. Individual Defendant Colonel Paris

42.    Answering Defendants incorporate their responses to the previous paragraphs as if set forth fully herein.

43.    This paragraph contains legal conclusions to which no response is required.

44.    This paragraph contains legal conclusions to which no response is required.

45.    This paragraph contains legal conclusions to which no response is required.

## JURY DEMAND

a.    Denied that Plaintiff is entitled to any relief.

b.    Denied that Plaintiff is entitled to any relief.

c.    Denied that Plaintiff is entitled to any relief.

d.    Denied that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1.    The Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

4

2.    Plaintiff's claims are barred, in whole or in part, by his failure to exhaust applicable administrative remedies.

3.    Some or all of Plaintiff's claims are barred by the applicable Statute of Limitations.

4.    At all material times, Answering Defendants' actions were taken for legitimate, non-discriminatory reasons.

5.    All decisions regarding Plaintiff were based upon legitimate business reasons, none of which violated the United States Constitution, federal law(s), or Pennsylvania law(s).

6.    Plaintiff has failed to mitigate his damages, if any.

7.    Plaintiff's claims under the Pennsylvania Human Relations Act are barred, in whole or in part, under the Eleventh Amendment.

8.    No implied right of action exists against state actors under 42 U.S.C. § 1981, thus Plaintiff cannot maintain a cause of action against Colonel Paris.

9.    Plaintiff's claims are barred, in whole or in part, by the doctrine of sovereign immunity.

10.    Plaintiff's claims are barred, in whole or part, by the doctrine of qualified immunity.

11.    At no time has any Defendant, either individually or in concert with others, deprived or sought to deprive Plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States or this Commonwealth.

12.    Answering Defendants reserve the right to amend the affirmative defenses to reflect the evidence produced in discovery and/or at trial.

Respectfully submitted,

Dated: February 9, 2026

DAVID W. SUNDAY, JR.
Attorney General

By: */s/ Julia Mayer*

Julia Mayer
Deputy Attorney General
Attorney I.D. No. 338945

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
1600 Arch Street, Suite 300
Philadelphia, Pennsylvania 19103
Phone: (267) 951-8897
Email: jmayer@attorneygeneral.gov

NICOLE R. DITOMO
Chief Deputy Attorney General
Civil Litigation Section

*Counsel for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I, Julia Mayer, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on February 9, 2026, I caused to be served a true and correct copy of the foregoing document titled Defendants' Answer to Plaintiff's First Amended Complaint to the following:

<u>**VIA ECF:**</u>

William Fox, Esq.
Law Office of William J. Fox, P.C.
100 N. 20th Street, Suite 303
Philadelphia, PA 19103
(215) 546-2477

*Attorney for Plaintiff Andrew Zaborowski*

Date: February 9, 2026                     By:    */s/ Julia Mayer*

                                                         Julia Mayer
                                                         Deputy Attorney General

7