**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREW ZABOROWSKI, | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 2:25-cv-05888 |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, PENNSYLVANIA | : | |
| STATE POLICE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

This Confidentiality Agreement is entered into by and between Defendants Pennsylvania State Police and Colonel Christopher L. Paris ("Defendants"), and Plaintiff Andrew Zaborowski ("Plaintiff") (together, the "Parties"). The Parties, by themselves and their undersigned counsel, hereby **STIPULATE AND AGREE** to the following terms and conditions with respect to the production and treatment of the following information and documents produced by the Pennsylvania State Police.

**WHEREAS**, it is anticipated that Defendants will produce documents in this litigation (the "Action"), which will include internal and confidential Pennsylvania State Police policies and procedures, personnel documents, disciplinary records, training records, and internal investigations with personal and privileged information about Defendants and non-parties; and

**WHEREAS**, the Parties agree that the above-identified documents are confidential, only have value to the parties in this Action, and the public has no statutory or judicially recognized interest in such information; and

**WHEREAS**, the Parties agree that the misuse or unnecessary dissemination of the above-identified confidential information and documents could violate the privacy of third parties, cause

undue embarrassment to Plaintiff, or Defendants, or jeopardize the safety and security of the Pennsylvania State Police; and

**WHEREAS**, Federal Rule of Civil Procedure Rule 26(c)(1) provides for entry of a protective order such as contained herein;

**NOW THEREFORE**, it is agreed that:

1.      Defendants shall have the right in responding to discovery propounded in this Action to designate as "Confidential" any information, document, or thing, or portion of any document or thing that it believes in good faith to be entitled to protection under this Confidentiality Stipulation and Protective Order ("Protective Order"). The parties agree that, consistent with Third Circuit precedent regarding confidentiality and protective orders, they shall exercise discretion and restraint in implementation of this Protective Order and shall designate as "Confidential" only those materials which they believe, in good faith, would be entitled to protection from public disclosure in the event the specific materials were presented to the Court for determination. Any party wishing to designate material produced as confidential pursuant to this Protective Order shall mark any such document "Confidential." All such material designated "Confidential" is referred to collectively herein as "Protected Material." If any party becomes aware that it has designated as Protected Material any document, thing or information that does not qualify for protection, the party must promptly notify all parties that it is withdrawing the mistaken designation.

2.      All Protected Material shall be used by Plaintiff's and Defendant's counsel solely for purposes of this Action in accordance with the terms of this Protective Order, unless and until the restrictions herein are removed either by written agreement of counsel or by Order of the Court.

3. Counsel for Plaintiff and Defendants agree not to disclose Protected Material (including originals or any copies of such Protected Material) to Plaintiff or Defendants except as part of good faith preparations for litigation in this Action; and Counsel for Plaintiff and Defendants agree not to disclose Protected Material to any other individual unless and until counsel for Plaintiff and Defendants seek and receives permission from the Court to do so, pursuant to the terms set forth below in paragraph 11, or the Court so orders *sua sponte*.

4. The following procedures shall be used to produce and designate Protected Material as "Confidential":

(a) Documents may be designated as such in writing, or by stamping the word "Confidential" on the face of the document.

(b) Electronically stored information may be designated as such by producing the materials on separate physical media marked with the words "Confidential" or by contemporaneously providing written notice to the receiving party identifying by file name the materials designated as "Confidential."

(c) In the event that the receiving party generates any hard copy transcription or printout from any such designated non-paper media, such party must stamp each page as "Confidential" in accordance with the non-paper media's designation, and the hard copy transcription or printout shall be treated as so designated in accordance with this Confidentiality Agreement.

5. Unless otherwise ordered by the Court, Protected Material may be disclosed only to the following individuals under the following conditions:

(a) The Court or any other court exercising jurisdiction with respect to the Action, court personnel, jurors, and qualified persons (including necessary clerical personnel)

recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this Action;

(b)    Counsel of record for any party in this action, including associated personnel necessary to assist counsel in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel;

(c)    Expert(s)[1] of the receiving party, including associated personnel necessary to assist expert(s) in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel;

(d)    Any non-party fact witness, at the witness's deposition in this Action or in connection with the preparation of the witness to give a deposition or otherwise testify in this Action, but only if counsel who discloses Protected Material to the witness determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in the conduct of this Action;

(e)    Any person (a) who is shown on the face of Protected Material to have authored or received the Protected Material sought to be disclosed to that person, or (b) who is specifically referenced by name and substantively discussed in the Protected Material, but only as to the specific material the person authored or received, or in which such person is referenced and discussed;

(f)    Vendors retained by or for the Parties to assist in preparing for pretrial discovery, mediation or other alternative dispute resolution, trial, and/or hearing including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals retained to

---

[1]    For purposes of this Confidentiality Agreement an expert is anyone qualified as an expert by knowledge, skill, experience, training or education retained by counsel of record of any party as a witness or a consultant in this matter.

prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

(g)    Mediators, whether in private mediation or court annexed mediation, and their staff involved in assisting the parties in attempting to resolve and settle this Action;

(h)    Individuals employed by the insurance companies handling or facilitating the claims arising from, and directly stemming from, the vehicle accident which is the subject of this litigation, including any third-party administrators engaged by the insurer to manage, adjust, or oversee the claim; and

(i)    Any other person hereafter designated by written stipulation of the parties or by further order of the Court.

6.    Those persons to whom disclosure of Protected Material is permitted under paragraphs 5(c), 5(d), 5(e), and 5(h) of this Confidentiality Agreement and a representative of organizations to which disclosure of Protected Material is permitted under 5(f) and 5(g) of this Confidentiality Agreement shall be notified of this Confidentiality Agreement and that all the information stamped "Confidential" shall be kept confidential and only used for litigation purposes.

7.    Counsel for the producing party may waive the above restrictions as to particular documents, things, or information upon request and agreement and the parties should make good faith efforts to reach such an agreement.  If an agreement cannot be reached, or there is an unresolvable dispute as to whether an item is within this stipulation, the parties will contact the Court for resolution of the issue.

8.      Nothing in this Order shall prevent or be construed to prevent counsel for Plaintiff and Defendants from giving legal advice and opinions to their client solely relating to the Action. Protected Material shall be used only by individuals permitted access to it under Paragraph 5, above, and in the manner set forth in that Paragraph.

9.      Counsel for any party in this Action or counsel for a witness may exclude from the room during any deposition or mediation any person (other than the witness who is then testifying) who is not entitled under Paragraph 5, above, to receive Protected Material.

10.     This stipulation does not bar the parties from using Protected Material in depositions, court filings, or court proceedings, although the parties should make reasonable efforts to limit the disclosure (such as using only the page at issue if part of a larger document or through redactions).

11.     If at any time a party disagrees with a designation of discovery material as "Confidential" or otherwise believes that the importance of disclosing a document outweighs the risk it poses, the challenging party shall promptly notify the designating party or nonparty in writing of the disagreement. If, after conferring, the parties are unable to resolve the disagreement, the challenging party may at any time give written notice by way of a letter to the designating party stating its objection to the confidentiality designation. The designating party has seven (7) days from receipt of such written notice to notify the Court of the dispute and request a telephone conference with the Court. The discovery material shall be treated as "Confidential," and the identifying information may be withheld, until the Court rules on the application.

12.     All requests to seal documents filed with the Court shall comply with Third Circuit precedent and the Local Rules of this Court.

13.     The rules and procedures governing the use of Protected Material at trial shall be determined at the final pretrial conference.

14.     To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Protected Material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver or impairment of claims of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Protected Material within a reasonable time after disclosure.  Such notice shall constitute a designation of the information, document, or thing as Protected Material under this Order.  Upon notice that material should have been designated as Protected Material, each party receiving that notice shall make a reasonable, good faith effort to ensure that any analyses, memoranda, or notes that were generated based upon the material before its designation are immediately-and thereafter treated in conformity with the re-designation.  Defendants may provide substitute copies of documents bearing the appropriate designation.  The party receiving notice, if it does not object to that designation in accordance with Paragraph 11 above, or if it does object but the objection is overruled by the Court, shall destroy the previously undesignated copies.

15.     No information that is in the public domain shall be deemed or considered to be Protected Material under this Order.

16.     Nothing in this Order shall affect the rights of any party to object to discovery by any other party on any otherwise permitted ground, nor shall it relieve a party of its obligation to properly respond or object to discovery requests, nor shall it preclude any party from seeking

further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

17.    This Order shall survive the termination of this Action and shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of the parties filed with the Court.

18.    Upon final conclusion of this Action and expiration of any and all appeals of orders entered herein, counsel for Plaintiff and Defendants shall be under an obligation to assemble and to return to counsel for the party designating documents confidential all originals and unmarked copies of documents and things containing Protected Material and to destroy, should such source so request, all copies of Protected Material that contain and/or constitute attorney work product as well as excerpts, summaries, and digests revealing Protected Material, subject to the exceptions described in this paragraph.

19.    The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

20.    Nothing in this Agreement shall prevent a party from offering evidence at trial any document designated as "confidential."

STIPULATED on this 10th day of February, 2026.


_____
William Fox, Esq.
Law Office of William J. Fox, P.C.
100 N. 20th Street, Suite 303
Philadelphia, PA 19103
(215) 546-2477
wjf@billfoxlaw.com
*Counsel for Plaintiff Andrew Zaborowski*

_____
Julia Mayer
Deputy Attorney General
Pennsylvania Office of the Attorney General
1600 Arch Street, 3rd Floor
Philadelphia, PA 19103
Phone: (267) 951-8897
jmayer@attorneygeneral.gov
*Counsel for Defendants Pennsylvania State*
*Police and Colonel Christopher L. Paris*


**IT IS SO ORDERED**

Dated: \_\_February 11\_, 2026

*/s/ John Milton Younge*

_____
The Honorable John Milton Younge
United States District Judge